UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PAIGE GAGLIANO, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | C.A. No. 06-80642 CIV-HURLEY |
| vs. | ) | |
| MEDICAL STAFFING NETWORK, INC., | ) | |
| Defendant. | ) | |

**ORDER OF FINAL JUDGMENT**

THIS MATTER came before the Court for a final hearing on a proposed settlement of this conditionally certified class action lawsuit. Pursuant to the terms of this Court's Order Preliminarily Approving Class Certification and Settlement dated November 29, 2006, 2006 ("Preliminary Order"), a Settlement Hearing was held on February 28, 2007, to consider, among other issues, whether the conditionally certified Class should be conclusively certified for purposes of the settlement, and whether the settlement, the terms of which are set forth in the Stipulation and Agreement of Settlement, should be approved by the Court. Appearing at the hearing as Class Counsel was Scott R. Shepherd of the law firm of Shepherd, Finkelman, Miller & Shah, LLC. Appearing at the hearing as Defendant's Counsel were Ashley B. Abel and Joanne Lambert of the law firm of Jackson Lewis LLP. After due consideration of all matters addressed at the Settlement Hearing, the Court conclusively certifies the Class and approves the Stipulation and Agreement of Settlement. It is hereby further

**ORDERED AND ADJUDGED** as follows:

1. Unless otherwise defined herein, all terms shall have the meaning specified in the Stipulation and Agreement of Settlement dated November 7, 2006 ("Settlement Agreement" or "Agreement").

2. This Court has jurisdiction over the subject mater and all Parties to this action.

3. The Court hereby approves the maintenance of this Action as a class action for purposes of settlement pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). Specifically, the Court finds that (a) the number of Class Members is so numerous, consisting of approximately 400 Class Members, that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class, to include whether the Defendant failed to provide the Class Members with notice required under the Comprehensive Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161, et seq., and an opportunity to exercise COBRA rights, following a qualifying event caused by a reduction in work hours, as a result of medical emergencies and for other reasons; (c) the claims of the named Plaintiff are typical of the claims of the Class; (d) the named Plaintiff will fairly and adequately represent the interests of the Class; and (e) questions of law and fact common to the Class Members predominate over any questions affecting only individual members and that this class Action is superior to other available methods for the fair and efficient adjudication of the controversy.

(a) In making these findings, the Court notes that the payment of Settlement Sums Due offers an efficient and uniform process of resolving complaints without burdening the Courts. Specifically, the proposed settlement involves: (i)

Settlement Sums Due, which provides monetary benefits consisting of Lump Sum Awards (between $100 and $250 per Eligible Class Member) plus Medical Expenses submitted under the Plan during the first Gap In Coverage (the "First Claim"), and other claim incurred within 7 days of the First Claim for each person in the Class; and (ii) Non-Economic Relief, which provides for how Defendant will administer COBRA for per diem employees on a going-forward basis following the entry of this Order of Final Judgment ("Final Order") in this action.

(b) In making these findings, the Court has also considered the interest of Class Members in individually controlling the prosecution or defense of separate actions; the extent and nature of litigation concerning the controversy already commenced by Class Members; the desirability of concentrating the litigation of the claims in a particular form; and the difficulties likely to be encountered in the management of this class action lawsuit.

4. The Court hereby approves the maintenance of the Action as a class action for settlement purposes only pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), with the Class being defined as follows:

> All current or former participants (and their covered dependents) of the MSN Health & Welfare "mini-med" Plan ("the Plan") who experienced a Gap In Coverage (as defined in the Agreement) between March 1, 2003 and December 2, 2005 (based on the records of MSN and the administrator of the Plan) and who did not receive notice under COBRA of their right to continuation of health insurance coverage for such Gap In Coverage.

Excluded from the Class are: (1) Defendant and its parent companies, subsidiaries, affiliates, officers and directors; (2) the undersigned Judge; and (3) persons who submit timely and valid Requests for Exclusion from Class Action Lawsuit.

5. The Court hereby approves and confirms the settlement embodied in the

Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the Action, adopts the terms and conditions of the Agreement, and orders that the Agreement shall be effective, binding, and enforceable according to its terms and conditions.

(a) Among the factors considered by the Court in concluding the settlement is fair, reasonable, and adequate are: (1) that the legal issues presented in this case involve an unsettled and developing area of the law; (2) that the Defendant has asserted a number of affirmative defenses which could preclude any recovery in this Action; (3) that settlement of this Action removes the risks, delay, and costs associated with continued litigation and delivers assured benefits to the Class; and (4) that the settlement of this Action involves a modification of Defendant's practices on a going-forward basis that reduces the risk that others may experience future Gaps In Coverage.

(b) The Court notes that the settlement involves the payment of economic relief in the form of Settlement Sums Due, which for each Eligible Class Member will equal no less than One Hundred ($100.00) Dollars, plus any Medical Expenses due under Section 3.4.3 of the Settlement Agreement. In addition, the settlement provides for Non-Economic Relief and benefits to the Class in the form of a modification in the way Defendant will administer COBRA for per diem employees on a going-forward basis. Under the Agreement, Defendant (or others acting on its behalf or under its direction) will determine at the end of each calendar month all employees who have experienced a week during which they did not work a sufficient number of hours to satisfy the applicable premium and who did not otherwise pay the premium (*i.e.*, suffered a Gap In Coverage). Unless the absence from work qualified under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq., such persons will in the future be sent a

COBRA notice and election form to their last known address. Within 7 days following receipt of wage and hour information for the prior month, Defendant will notify its COBRA administrator to send a COBRA notice in a form determined by it and its insurer, provided such documents are in compliance with COBRA. The parties agree that this method of computation satisfies COBRA, particularly with regard to the temporary nurse staffing industry.

6. The Court finds that the settlement resulted from extensive arm's length negotiations and was concluded only after Class Counsel conducted a thorough review of documents and research of potential claims and after consultation with other independent experts about the issues raised in the Action. The Court further finds that the Class Representative's interests are identical to the interests of the Class Members and that the Class Representative has at all times adequately represented the Class.

7. The Court finds that the Settlement Notice transmitted to the Class Members, pursuant to the terms of this Court's Preliminary Order, was the best notice practicable under the circumstances and included individual notice to all Class Members who could be identified through reasonable efforts. Such Settlement Notice provided valid, due, and sufficient notice of these proceedings, and of the matters addressed therein, including the certification of the Class and approval of the settlement described in the Agreement. Such Settlement Notice has fully satisfied the requirements of applicable law, Rule 23 of the Federal Rules of Civil Procedure, and the Due Process Clause of the United States Constitution.

8. The Court further orders that Defendant is not required to mail Lump Sum Award payments to any Class Member whose Settlement Notice was returned undeliverable with no forwarding address and for whom a current forwarding address

could not be located after reasonable effort. The Lump Sum Award funds for each such Class Member will be held by Defendant for a period of four months after the date of this Order and paid to any such Class Member who provides a current address during that time period. Thereafter, all unclaimed funds revert to Defendant.

9. The Court finds that no Class Members exercised their opt-out rights, in accordance with Paragraph 7 of this Court's Preliminary Order

10. As of the Effective Date of Settlement, the Plaintiff, and Eligible Class Members, on their own behalf, and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, shall have released, and shall be deemed to have released, each and all of the Released Parties from the Released Claims in accordance with the terms of the Agreement.

11. The Plaintiff and Eligible Class Members are hereby permanently barred and enjoined from instituting or prosecuting either directly, indirectly, or in a representative capacity, any other action, in any court or administrative agency, in which any of the Released Claims are asserted against any of the Released Parties.

12. All Class Members are also permanently barred and enjoined from instituting and/or prosecuting, either directly, indirectly, or in a representative capacity, any action against Defendant, the Released Parties, Defendant's Counsel, any Class Member, or Class Counsel, based on the payment of any Settlement Sums Due under the terms of the Agreement.

13. The Court hereby decrees that neither the Agreement, nor the settlement embodied therein, nor the Order Preliminarily Approving Class Certification and Settlement ("Preliminary Order"), nor this Final Order, is, or shall be construed as an

admission or concession by any party of any liability or wrongdoing. This Final Order is not a finding of the validity or invalidity of any Claims or defenses in this Action. Neither the Agreement, nor the settlement, nor this Final Order, nor these settlement proceedings, nor the settlement negotiations, nor any related documents, shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant, or any of the Released Parties, in any proceeding, other than such proceedings as may be necessary to enforce or consummate the terms and conditions of this Agreement.

14. The Court hereby approves Class Counsel's request for an award of attorneys' fees and costs in the sum of $215,000.

15. The Court hereby approves the request for an incentive award for the representative plaintiff in the sum of $10,000.

16. Without affecting the finality of this Final Order, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders as necessary to effectuate the fair and orderly administration and consummation of the Agreement and settlement embodied therein, to include entering an appropriate order addressing payment of an Incentive Award to the Class Representative and the award of Attorneys' Fees, Litigation Costs and Expenses to Class Counsel, and to make any such further order as may be appropriate, and to resolve any and all disputes arising thereunder.

SO ORDERED in West Palm Beach, Florida, this 28th day of February, 2007.

Daniel T. K. Hurley

DANIEL T. K. HURLEY
UNITED STATES DISTRICT JUDGE